UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

Dean R. Gladden,                                    Judge Jerry A. Funk

                                                                  Case No. 3:07-bk-04529-JAF

       Debtor.                                    Chapter 7

_____/

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the court will consider this motion without further notice or hearing unless a party in interest files an objection within fifteen (15) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your Objection with the Clerk of Court at 300 North Hogan Street, Suite 3-350, Jacksonville, FL 32202-4267, and serve a copy on the Movant's attorney Joseph M. McCandlish, Esq, 175 S. Third Street, Suite 900 Columbus, OH 43215.

If you file and serve an appropriate objection within the time permitted, **and the objection reveals factual or legal issues requiring a hearing**, the court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion and responses on the papers without further notice or hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing and may grant the relief requested.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTIONS 362 (d)(1) & (2) REGARDING 2006 TOYOTA HIGHLANDER

Now comes Citizens Automobile Finance, Inc., ("Movant"), by and through its undersigned counsel, and moves this Court pursuant to 11 U.S.C. § 362(d)(1) & (2), Federal Rule of Bankruptcy Procedure Rule 4001(a)(3), and local rule 4001-1, to terminate, modify or condition the automatic stays in effect under these code and rule provisions. Support for this Motion is set forth as follows:

1.      Jurisdiction over this matter is vested in this Court by virtue of 28 U.S.C. § 1334(b) and the general order of reference previously entered in this district. This is a core proceeding under 28 U.S.C § 157(b)(2)(G).

2.      The Debtor filed a Chapter 13 Petition in Bankruptcy on October 10, 2007. The case was converted to a Chapter 7 on August 27, 2009.

3.      The Debtor entered into a Note and Retail Installment Agreement with Movant. Debtor offered as security a 2006 Toyota Highlander, bearing the VIN No. JTEEW21A160005784. A copy of the Note and Security Agreement is attached hereto as Exhibit "A".

4.      Movant perfected its lien by recording its lien on the Certificate of Title. A copy of the Electronic Title is attached hereto as Exhibit "B".

5.      The current payoff balance is $29,009.19. The account has been charged off and the entire balance is now due and owing. An Affidavit of Indebtedness is attached hereto as Exhibit "C".

6.      The fair market value of the Collateral is $23,225.00 pursuant to N.A.D.A. Appraisal Guides. A copy of the N.A.D.A. Appraisal Guides is attached hereto as Exhibit "D".

7.      Debtor has continued in possession of the property while failing to make payments to the Movant for the use and depreciation of this property. As a result, the Movant has been denied adequate protection for its collateral and is entitled to relief from stay pursuant to 11 U.S.C § 362(d)(1).

8.      Debtor does not have equity in the collateral and the collateral is not necessary for a successful reorganization. As a result, the Movant has been denied adequate protection for its collateral and is entitled to relief from stay pursuant to 11 U.S.C § 362(d)(2).

9.      Automatic stays are currently operative under 11 U.S.C. §362. These stays should be terminated, modified or conditioned for the reasons set forth above.

10. Movant requests the Court to waive the 10-day stay period pursuant to Bankruptcy Rule 4001(a)(3) so that Movant can immediately enforce any order granting relief from the automatic stay.

**WHEREFORE**, the Movant requests an Order granting Movant relief from the Automatic Stay and waiving the 10-day stay that is applicable through Bankruptcy Rule 4001(a)(3).

Respectfully Submitted,

DATED: October 15, 2009

/s/ Joseph M. McCandlish
Joseph M. McCandlish, Esq. (Bar No. 13731)
**Weltman, Weinberg & Reis Co., L.P.A.**
Attorney for
Citizens Automobile Finance, Inc.
175 S. Third Street, Suite 900
Columbus, OH 43215
(614) 857-4324  (614) 222-2193 (fax)
jmccandlish@weltman.com

WWR #7823457

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Relief from the Automatic Stay and all attachments has been served by regular U.S. mail to the individuals listed below on this 15th day of October, 2009.

/s/ Joseph M. McCandlish
Joseph M. McCandlish, Esq. (Bar No. 13731)

Dean R. Gladden 1888 Rear Admiral Ln.  St. Johns, FL 32259
Rebeccah Beller 12627 San Jose Blvd., Ste 703 Jacksonville, FL 32223
Gordon P. Jones PO Box 600459 Jacksonville, FL 32260-0459
The Office of the U.S. Trustee, Room 620, 135 W. Central Blvd., Orlando, FL 32801

# CITIZENS AUTOMOBILE FINANCE, INC.

RETAIL INSTALLMENT CONTRACT    Rev. 10/04    NJ

Dealer Number _____    Date 08/16/2005

Buyer: DEAR GLAUDEN 274 JENNINGS WAY MICKLETON NJ 08086
(Print Full Name and Address of Principal Residence)

Co-Buyer: _____
(Print Full Name and Address of Principal Residence)

Creditor-Seller: TOYOTA OF RUNNEMEDE 99 S. BLACKHORSE PIKE RUNNEMEDE NJ 08078
(Print Full Name and Address)

**WHO IS BOUND:** You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. By signing below, you choose to buy the vehicle on credit under the terms on the front and back of this Contract and are individually liable for any amount due. In this Contract, "we", "us", and "our" mean the creditor named above and, after assignment, the creditor's assignee ("Assignee").

**DESCRIPTION OF VEHICLE:** You agree to buy and we agree to sell the following vehicle:

| New, Used or Demo | Year Model | Make and Model | Body Type | Vehicle Identification Number | Key Number |
|---|---|---|---|---|---|
| NEW | 2006 | TOYOTA HIGHLANDER | 4 DR. HYB | JTEEW21A160005784 | 56635 |

If truck or recreational vehicle – Describe body, gross vehicle weight and major items of equipment sold: N/A

The vehicle is being purchased primarily for ☐ personal, family or household, or ☐ business purposes.

**NOTICE TO BUYERS OF USED OR DEMONSTRATION VEHICLES:** THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

AVISO A LOS COMPRADORES DE AUTOS DE USO O DE DEMOSTRACIÓN: LA INFORMACION QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHICULO ES PARTE DE ESTE CONTRATO. LA INFORMACION EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACION CONTARIA EN EL CONTRATO DE VENTA.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your downpayment of $0.00 |
| 7.89 % | $ 9711.86 | $ 45668.74 | $ 55410.60 | $ 55410.60 |

**PAYMENT SCHEDULE:** Your payment schedule will be 60 monthly payments of $ 923.51 each, due on the same day of each month starting on 09/15/2005

**PREPAYMENT:** You have the right to pay off this Contract early. If you do so, you will not have to pay a penalty.

**SECURITY:** You are giving us a security interest in the motor vehicle being purchased.

**LATE FEE:** If all or any portion of a payment is more than ten days late, you will be charged a default charge of $10.

**OTHER TERMS:** Please read this Contract, including the reverse side, for additional information on security interests, nonpayment, default, and our right to require repayment in full before the scheduled maturity date.

### ITEMIZATION OF THE AMOUNT FINANCED

1. Cash Price (including any accessories, services and sales tax of $ 2559.74 ) $ 44613.24 (1)
2. Downpayment:
   A. Trade-In. Your Trade-in is a _____
   Gross Allowance $ N/A  less Amount Owing $ N/A  equals Net Trade-in $ N/A
   (If Amount Owing exceeds Gross Allowance, enter "0" as Net Trade-in and enter excess as Prior Credit or Lease Balance in Item 4C)
   B. Cash Downpayment  $ N/A
   C. Manufacturer's Rebate Applied to Downpayment  $ N/A
   D. Total Downpayment (A plus B plus C)  $ N/A (2)
3. Unpaid Balance of Cash Price (1 minus 2D):  $ 44613.24 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf:
   A. Amounts Paid to Insurance Companies*:
      1. Optional Credit Life Insurance  $ N/A
      2. Optional Credit Accident and Health Insurance  $ N/A
   B. Amounts Paid to Public Officials:
      1. Government License and/or Registration Fees  $ 352.00
      2. Certificate of Title Fees  $ N/A
      3. Lien Recording Fees  $ N/A
      4. UCC Filing Fees /NJ TIRE TAX  $ 7.50
   C. Other Charges (Describe who will receive payment and purpose)
      1. To N/A                        For Prior Credit or Lease Balance  $ N/A
      2. To N/A                        For N/A                              $ N/A
      3. To TOYOTA OF RUNNEMEDE        For DOC FEE                          $ 96.00
      4. To                            For GAP INS                          $ 600.00
   D. Total Other Charges and Amounts Paid to Others on Your Behalf (A plus B plus C)  $ 1055.50 (4)
5. Amount Financed / Unpaid Balance (3 plus 4D):  $ 45668.74 (5)

*We may be retaining or receiving a portion of these amounts

**PROMISE TO PAY:** You promise to pay us the Amount Financed shown above, in accordance with the payment schedule shown in the Truth In Lending Disclosures Box shown above, plus a Finance Charge determined by applying each day a daily rate of 1/365th (1/366th in a leap year) of the Annual Percentage Rate shown above to the unpaid balance of the Amount Financed. You also agree to pay any late charges you incur.

**PAYMENTS BEFORE OR AFTER DUE DATE:** This is a simple interest Contract. This means that the amount of the Finance Charge shown above may vary depending upon when your payments are received. The earlier you make payments before their due dates, the less Finance Charge you will owe. The later you make payments after they are due, the greater the Finance Charge. We credit each payment in any manner we choose, unless applicable law requires a particular method of payment allocation. We will send you a check for any amount owed you (if it is $1.00 or more) after you make your last payment; we will advise you of any additional amount owed (if it is $1.00 or more). There is a possibility that a supplemental payment of interest might be due if earlier payments were received after their due date.

**LOCATION OF VEHICLE:** The vehicle will be kept at the above address of the Buyer, unless another address is listed below:
N/A

**INSURANCE ON THE VEHICLE:** Insurance coverage to protect Assignee for loss or damage to the vehicle (collision, fire and theft) is required. You have the option of furnishing the required insurance either through your existing policies or you may purchase equivalent insurance coverage through anyone who is acceptable to the Seller. If you do not obtain the required insurance, and we are unable to purchase insurance covering both your interest and our interest, we may purchase coverage covering only our interest in the vehicle. If we purchase insurance covering only our interest in the vehicle, the insurance will not protect your interest in the vehicle. The charge for this coverage is not refundable upon prepayment unless such a refund is required by law.

**CREDIT INSURANCE: YOU CANNOT BE DENIED CREDIT SIMPLY BECAUSE YOU CHOOSE NOT TO BUY CREDIT INSURANCE. CREDIT LIFE INSURANCE AND CREDIT ACCIDENT AND HEALTH INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT. INSURANCE WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL CHARGE.** The policies or certificates issued by the insurer will describe the terms and conditions in further detail. If you want the following insurance, sign below.

☐ Life  (☐ Buyer  ☐ Co-Buyer  ☐ Both) at a premium of $ N/A  for a term of N/A
Credit life insurance will pay your debt on this Contract up to $ N/A

☐ Disability, Accident and Health (Buyer Only) at a premium of $ N/A  for a term of N/A
Credit disability, accident and health insurance will pay your debt on this Contract up to $ N/A

The name of the insurer is N/A  of N/A

Buyer Signature _____ Date _____ Co-Buyer Signature _____ Date _____

**THIS DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE, YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

**IMPORTANT: THE TERMS OF THIS CONTRACT ARE CONTAINED ON BOTH SIDES OF THIS PAGE. READ THE ADDITIONAL TERMS ON REVERSE SIDE BEFORE SIGNING BELOW.**

**DUE TO THE PASSAGE OF THE "USA PATRIOT ACT" WE ARE REQUIRED TO NOTIFY OUR CUSTOMERS OF THE FOLLOWING:**
**VERIFICATION OF CUSTOMER IDENTITY** - Federal laws and regulations require us to request information from you prior to opening an account or adding an additional signatory to an account. The information we request may vary depending on the circumstances, but at a minimum, will include your name, address, an identification number such as your social security or taxpayer identification number, and for individuals, your date of birth. We are also required to verify the information you provide to us. This verification process may require you to provide us with supporting documentation that we deem appropriate. We may also seek to verify the information by other means. We reserve the right to request additional information and/or signatures from you from time to time. In all cases, the protection of our customer's identity and confidentiality is our pledge to you.

*The Annual Percentage Rate may be negotiable with the Creditor-Seller. The Creditor-Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

**NOTICE TO RETAIL BUYER**
Do not sign this contract before you read it or if it contains any blank spaces.
You are entitled to a copy of the contract at the time you sign.
Keep it to protect your legal rights.
By signing below, you acknowledge that you have received a completely filled-in copy of this contract signed by the Seller on the date of this Contract and a copy of the Citizens Financial Group, Inc. Privacy Notice.

### RETAIL INSTALLMENT CONTRACT

Buyer Signs _____                       Co-Buyer Signs _____

Creditor-Seller Signs _____             By signing here, the Creditor-Seller accepts this Contract and also agrees to the terms of the Seller's Assignment on the reverse side.

EXHIBIT A

## OTHER IMPORTANT AGREEMENTS:

**OWNERSHIP AND RISK OF LOSS:** You agree to pay us all you owe under this Contract even if the vehicle is unintentionally damaged, destroyed or missing. You agree not to sell, transfer, or remove the vehicle from the United States for more than 30 days without our written permission. You agree to maintain the vehicle in good condition and repair, except wear and tear caused by ordinary use. We may inspect the vehicle at any reasonable time. You will not expose the vehicle to misuse or confiscation or permit anyone to use the vehicle for any unlawful purpose. You will keep the vehicle free of any claims and seizures by any government authority. You will not rent the vehicle to others or carry passengers for hire. If we pay any repair bills, storage bills, taxes, fines, or other charges on the vehicle, you will repay the amount when we ask for it. You will immediately notify us of any change in the address of your principal residence or the address where the vehicle is regularly located.

**SECURITY INTEREST:** You are giving us a security interest in the vehicle being purchased; all proceeds of the vehicle; all accessions; and any attachments, accessories, or equipment affixed to the vehicle within ten days of this Contract. The security interest also covers: (1) insurance premiums returned to us; (2) proceeds of insurance policies on the vehicle, and (3) proceeds of any insurance policies on your life or health financed in this Contract. This security interest secures payment of all amounts you owe in this Contract and in any transfer, renewal, extension, modification, refinancing, or assignment of this Contract. It also secures your other agreements in this Contract. For purposes of this Contract, we agree to forego any security interest you may have given under another agreement which secures your obligation under this Contract. You will cause or cooperate in causing our security interest (lien) on the vehicle to be shown on the title. You will not allow any subordinate or other liens to be placed on the vehicle.

**REQUIRED PHYSICAL DAMAGE INSURANCE:** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this Contract. You may buy this coverage from any insurer acceptable to us. You will make us loss payee and provide evidence of insurance. At any time during the term of this Contract, if you do not have physical damage insurance which covers both your and our interests in the vehicle, then we may buy it for you. If we do not buy physical damage insurance which covers both interests in the vehicle, we may, if we decide, buy insurance which covers only our interest, as permitted by applicable law.

We are under no obligation to buy any insurance, but may do so if we desire. If we buy either of these coverages, we will let you know what type it is and the charge you must pay. The charge will consist of the cost of the insurance and a Finance Charge at the Annual Percentage Rate applicable to this Contract, but not to exceed the highest rate permitted by law. You agree to pay the charge, at your option, in full within 10 days from the date we mail or tender to you a notice that we have paid for such insurance, or in equal installments along with the payments shown on the payment schedule.

If the vehicle is lost or damaged, you agree that we can use any insurance settlement either to repair the vehicle or to apply to your debt.

**INSURANCE CHARGES RETURNED TO US:** If any charge for required insurance is returned to us, it may be credited to your account or used to buy similar insurance or insurance covering only our interest in the vehicle. Any refund on optional insurance we obtain will be credited to your account or returned to you. Any insurance charges returned to us and credited to your account will be applied to as many of your installments as they will cover, beginning with the final installment.

**DEFAULT:** You are in default if: (1) you fail to make a regularly scheduled installment payment within 10 days of its due date; (2) any event occurs which substantially impairs the value of the vehicle; or (3) you breach any of your agreements or obligations under this Contract or if you die.

**REQUIRED REPAYMENT IN FULL BEFORE THE SCHEDULED DATE:** If you are in default, we can upon written notice to you and subject to any right you may have to cure the default, demand that you pay all you owe on this Contract at once. If you fail to pay, you will be liable for interest at the Annual Percentage Rate applicable to this Contract, but not to exceed the highest rate permitted by law. Notwithstanding anything else in this paragraph, the maturity of any amount owing on this Contract will not be accelerated where, following your default consisting solely of your failure to make timely installment payments and the subsequent repossession of the motor vehicle, you make timely tender of all amounts due under this Contract at the time of such tender other than amounts that would be due if this Contract were accelerated.

**RIGHT TO SET OFF:** To the extent permitted by law, if you are in default, we can, subject to your right to cure the default, pay all or part of the amounts owed under this Contract from any deposits or funds you have with us without telling you ahead of time.

**REPOSSESSION OF THE VEHICLE:** Repossession means our taking the vehicle from you. If you are in default, we can repossess the vehicle upon written notice to you and subject to your rights to cure the default. To take the vehicle we can enter your property, or the property where it is stored, so long as it is done peacefully. If there is any personal property in the vehicle, such as clothing, we can store it for you. Any accessories, equipment or replacement parts will remain with the vehicle.

**GETTING THE VEHICLE BACK AFTER REPOSSESSION:** If we repossess the vehicle, state law may permit you to get it back (redeem) by curing any payment or other default(s) within the time allowed in the cure notice. If state law does not permit you to cure your default(s) in this manner, you may redeem the vehicle by paying the entire amount you owe on this Contract (not just past due payments) plus, to the extent permitted by law, the cost of taking and storing the vehicle, and other expenses that we have had. Your right to redeem the vehicle will end when the vehicle is sold.

**SALE OF THE REPOSSESSED VEHICLE:** We will send you a written notice of sale within the time period required by law before selling the vehicle. If you do not redeem the vehicle by the date on the notice, we can sell it. We will use the net proceeds of the sale to pay all or part of your debt. The net proceeds of sale will be figured this way: To the extent permitted by law, any charges for taking, storing, cleaning, advertising and selling the vehicle, and attorney's reasonable fees, and court costs and any other charges permitted by law will be subtracted from the selling price. If you owe us less than the net proceeds of sale, we owe you the difference, unless someone else has an interest in the vehicle. For example, we may be required to pay a lender who has given you a loan and also taken a security interest in the vehicle.

If you owe more than the net proceeds of sale, to the extent allowed by law you will pay us the difference between the net proceeds of sale and what you owe when we ask for it. If you do not pay this amount when asked, you may also be charged interest at the highest lawful rate, not to exceed the Annual Percentage Rate applicable to this Contract, until you do pay all you owe to us.

**COLLECTION COSTS:** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorneys' reasonable fees not to exceed 20% of the first $500 and 10% of the balance remaining on this Contract, and court costs to the extent permitted by law.

**LATE CHARGE:** If all or any portion of a payment is more than ten days late, you will be charged a default charge of $10.

**DISHONORED CHECKS:** A dishonored check fee of $20 may be assessed for any check returned to us for insufficient funds.

**DELAY IN ENFORCING RIGHTS AND CHANGES OF THIS CONTRACT:** We can delay or refrain from enforcing any of our rights under this Contract without losing them. For example, we can extend the time for making some payments without extending others. Any change in terms of this Contract must be in writing and signed by us. No oral changes are binding. If any provision of this Contract conflicts with applicable law, it will be considered modified to comply with that law and the remaining provisions shall continue.

**WARRANTIES SELLER DISCLAIMS: You understand that the Seller is not offering any express warranties unless the Seller extends a written warranty.** This provision does not affect any warranties covering the vehicle which may be provided by the vehicle manufacturer.

**CREDIT INFORMATION:** You agree that we or our affiliates providing servicing or to whom this contract may be assigned may obtain a consumer credit report periodically from one or more consumer reporting agencies (credit bureaus) in connection with your application and any update, renewal, refinancing, modification or extension of this Contract. If you ask, you will be told the name and address of any credit bureau from which we or our affiliate obtained your credit report. We may also verify employment, pay, assets and debts. Anyone receiving a copy of this is authorized to provide us with such information. You agree that, to the extent permitted by law and as disclosed in our privacy notice, we, our assignee, any of our affiliates, and others may exchange credit, account and financial information about you.

**NEGATIVE INFORMATION:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**GOVERNING LAW:** This Contract is governed by the law of the State of New Jersey, and is the entire agreement between you and us.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### Guaranty

FOR VALUE RECEIVED, undersigned, jointly and severally if more than one, unconditionally guarantee payment and performance of all obligations of Buyer and Co-Buyer under the above Retail Installment Contract ("the Contract"), accept all provisions of the Contract and agree to pay all reasonable collection expenses and attorneys' reasonable fees incurred in enforcing this guaranty. Undersigned hereby waive demand for payment, notice of nonpayment and notice of acceptance of this guaranty and consent to extensions of time of payment and other indulgences, including, without limitation, release of any guarantor of the Contract or release of the vehicle which is collateral for performance of the obligations of Buyer and Co-Buyer, which may be granted to Buyer and Co-Buyer or any guarantor of the Contract without notice to undersigned and whether or not (and before or after) repossession has been made or undertaken and whether or not suit has been brought against Buyer or Co-Buyer or any guarantor of the Contract. Undersigned shall be primarily and jointly and severally liable with Buyer and Co-Buyer for full performance of Buyer's and Co-Buyer's obligations under the Contract.

SIGNATURES (Sign Full Name in Ink): _____ Date: _____

_____  _____  (Seal) _____
Witness                 Guarantor                     Address

_____  _____  (Seal) _____
Witness                 Guarantor                     Address

### SELLER'S ASSIGNMENT

Seller sells and assigns to the Assignee named below all of its right, title and interest in this Retail Installment Contract ("Contract").

Seller represents, warrants and covenants to Assignee that: (a)(i) no statements made or furnished to Assignee by Buyer or any Co-Buyer (collectively "Buyer"), Seller or any other person are untrue or incomplete; (ii) Buyer has not financed the down payment of the Vehicle described in the Contract ("the Vehicle"); (iii) Buyer is a bona fide applicant having legal capacity to enter into the Contract; (iv) the signature of the Buyer on all documents is genuine; and (v) the amount stated in the Contract to be due will in fact be due and payable at the time or times provided therein free of any claims, defenses, setoffs or counterclaims; (b) Seller has verified Buyer's identification; (c) The down payment for the Vehicle is paid in full with negotiable funds; (d) Seller has sold the Vehicle and the proceeds of the Contract are to be used to pay for such Vehicle and related items; (e) Seller had indefeasible title to the Vehicle immediately prior to the purchase by Buyer, and the right and authority to sell the Vehicle to Buyer, free and clear of all liens and encumbrances; (f) Seller warrants that the Vehicle is not a grey market or altered vehicle and is not salvaged, rebuilt or reconstructed from a total loss or otherwise materially impaired and the title to the Vehicle does not reflect such and the odometer statement executed by the Seller in connection with the Vehicle does not indicate true mileage unknown; (g) Seller has the authority to assign the Contract to Assignee free and clear of all liens and encumbrances; (h) Seller will secure and perfect for Assignee a security interest in the Vehicle free and clear of all liens or encumbrances, and deliver to Assignee evidence satisfactory to Assignee of such security interest within six months of the date of the Contract; (i) The description of the Vehicle is true and complete in the Contract and the Vehicle will be or has been duly delivered to and accepted without revocation by Buyer; (j) Insurance or other coverage provided or arranged by Seller does not violate any applicable law or regulation and insurance documentation and rebates of unearned premiums, if any, will be delivered to Buyer within the time required by law; (k) The Vehicle is insured by a company acceptable to Assignee against fire, theft and collision, Assignee is loss payee and written evidence of such insurance has been or will promptly be provided to Assignee; (l) All optional credit insurance sold by Seller to Buyer is for the full term of the Contract and is limited to coverage of Buyer; (m) Seller has provided Buyer with a completed Contract and any other document as required by applicable law, and the information filled in thereon by Seller is accurate; (n) Seller is licensed to the extent required by law; (o) Seller has complied with all applicable transaction reporting requirements including, without limitation, the requirement under Section 6050I of the Internal Revenue Code as may be amended from time to time to report cash receipts of more than $10,000, and its implementing regulations; (p) Seller has complied with Assignee's procedures regarding the Fair Credit Reporting Act (FCRA) and Equal Credit Opportunity Act (ECOA) including, but not limited to, the following: (i) Seller has only submitted to Assignee credit information on Buyer after Buyer's signatures were first obtained on a credit application acceptable to Assignee ("Application"); (ii) Seller has not submitted any credit information on any individual whose signature does not appear on the application; (iii) Seller has advised Buyer that his/her Application has been submitted to Assignee at Assignee's current address; and (iv) Seller has advised Buyer that credit was approved by Assignee; (q) Seller has complied with all requirements of the FCRA and ECOA and all other federal, state and local laws, rules and regulations applicable to the extension of credit and consumer protection or otherwise applicable to the sale of the Vehicle including, without limitation, the requirements to provide Buyer with a foreign translation of the Contract; (r) Seller will promptly forward to the proper authorities all federal, state and local fees and taxes due in connection with the sale of the Vehicle; (s) Seller does not charge Buyer for filing fees or other costs paid by Seller to public officials to perfect Assignee's security interest in the Vehicle, except where allowed by law, nor does Seller make any type of charge, including documentary or processing charges, which Seller does not make in any other cash transaction; (t) Assignee shall have the right, but not the obligation, to inspect Seller's books, financial documents and other business records relating to this assignment or this Contract at Seller's place of business during Seller's normal business hours; and (u) upon request by Assignee, Seller shall promptly submit to Assignee signed financial statements of Seller's business, to include balance sheets, cash flow statements, profit and loss statements and such other information required by Assignee.

Each of these warranties, representations and covenants is material to Assignee's acceptance of this Contract. If any of them is breached or is erroneous, Seller unconditionally promises to accept reassignment of this Contract, without recourse against Assignee, and to pay Assignee, upon demand (1) the unpaid balance of the Contract as determined by Assignee, (2) all losses and expenses incurred by Assignee as a result of such breach or untruth, and (3) out-of-pocket expenses paid or incurred by Assignee in connection with the collection of any amount due under the Contract, including attorneys' fees and costs of litigation, whether by or against Assignee, and expenses with respect to repossessing, storing, repairing and selling the Vehicle. In addition, Seller agrees to indemnify Assignee in the manner and to the extent specified in the preceding sentence if the Assignee suffers a loss or expense in any judicial or administrative proceeding because of any claim or defense asserted against Assignee as a result of any act or omission on the part of Seller. If this Contract is rescinded by court order, Seller shall pay Assignee the amount specified above.

Seller shall be liable even if a waiver, compromise, settlement or variation of the terms of the Contract releases the Buyer.

The provisions of this assignment shall be binding on the heirs, representatives, successors and assigns of Seller and shall inure to the benefit of the successors and assigns of Assignee. Seller waives notice of acceptance of this guarantee and assignment and notices of non-payment and non-performance.

This assignment is without recourse against Seller except as provided above and/or in another agreement, if any, between Seller and Assignee relating to the financing of retail installment contracts.

Assigned to: Citizens Automobile Finance, Inc. ("Assignee") (unless another assignee is named below.)

CC215385 (10/04)

| | | | | | |
|---|---|---|---|---|---|
| VIN | JTEEW21A160005784 | | Financed | 08/16/2005 | Tech　　　　FDI |
| Status | *Perfected Title* | | DMV Work | 11/16/2007 | |
| Borrower | DEAN GLADDEN<br>274 JENNINGS WAY<br>MICKLETON, NJ 08086 | | Imported | 11/16/2007 | |
| | | | Added | 08/20/2005 | |
| | | | Perfected | 11/16/2007 | |
| Borrower Home Phone | | | Payoff | / / | Tech　　　　DEZ |
| | | | Released | / / | |
| Borrower Work Phone | | | Release Type | | |
| | | | Exported | / / | |
| Branch | | Acct # | DMV Response | / / | Code |
| Loan # | | Suffix | DMV Deleted | / / | |
| Owner | GLADDEN DEAN RUSSELL | | Expires | 08/15/2010 | |
| Ownership Type | | | FDI Assigned User | | FDI Action Date　/ / |
| Lienholder | CITIZENS AUTOMOBILE FINANCE | | Lienholder Assigned User | | Lienholder Action Date　/ / |
| Lien Type | Primary | | Misc. | | |
| Lien Number | 01 | Total Number of Liens　01 | State | FL | **Electronic** |
| Dealer ID | 004384 | | | | |
| Year | 2006 | Make　TOYT | | | |
| License | | Title #　0099595983 | | | |
| Body | UT | Vehicle Type　VEH | | | |
| Mail Code | | User Defined Field | | | |
| Account Type | | Loan Type　**Vehicle** | | | |
| *User Notes Present* | | | | | |

[ Edit ] [ More Details ] [ Assign User/Action Date ] [ Save Note ] [ Release ]
[ Title Maintenance ] [ ExplodeVIN ] [ Responsibility ]

**Notes**

* FMM * - 07/17/2007 06:32:47 PM PDT - sent letter, request and NJ title #679422F with issue date 08/23/05 via dhl tracking #8788253250.
* MES * - 07/17/2007 01:00:14 PM PDT - Matched.
* MES * - 07/17/2007 07:42:04 AM PDT - Recvd SC Request from Citizens.
* DEZAINYEH * - 07/12/2007 09:06:01 AM PDT - * * * SPECIAL MAIL HANDLING * * * DHL * *
*

Record Activity for CITIZENS AUTOMOBILE FINANCE

VTTS - Status changed to PT on 11/16/2007 10:13 PM by FDI
OTTS - System note on 07/17/2007 06:31:21 PM by Foua Moua:
FDI Assigned User Changed from BLANK to Sc Fl
SCNRL: System note on 07/13/2007 01:43:17 PM by IXK:

EXHIBIT B

```
Release Completed.
LM: CITIZEN BK - "CITIZENS STATE CHANGE" printed on 07/13/2007 01:39:45 PM by FDI
OTTS - System note on 07/12/2007 09:06:02 AM by Diane Zainyeh:
Sent for Title Maintenance with type SC.
OTTS - Status changed to RE on 07/12/2007 09:06:02 AM by Diane Zainyeh
SCNDIMP - Status changed to PT on 09/21/2005 03:59:53 AM by FDI
SCNDIMP - System note on 09/21/2005 03:59:53 AM by FDI:
Imported Title
VTTS - Status changed to PM on 08/20/2005 10:33 AM by FDI
```

Lien Placement Activity

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

Dean R. Gladden,             Judge Jerry A. Funk

           Case No. 3:07-bk-04529-JAF

    Debtor.            Chapter 7

_____/

## AFFIDAVIT OF INDEBTEDNESS IN SUPPORT OF MOTION FOR RELIEF FROM STAY

STATE OF RI
COUNTY OF KENT

I, Thomas Jemo, Bankruptcy Specialist for Citizens Automobile Finance, Inc., declare under penalty of perjury that the following is true and correct to the best of my personal knowledge, information and belief:

1. This affidavit is based upon the records of Citizens Automobile Finance, Inc.. These records are regularly maintained in the ordinary course of business and it is the regular practice to make and maintain these records. These records reflect payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records for Citizens Automobile Finance, Inc. and regularly use and rely upon them in the performance of my duties.

2. On or about August 16, 2005 the above-captioned Debtor entered into a Note with Citizens Automobile Finance, Inc. for the following: a 2006 Toyota Highlander. Pursuant to the Agreement, Debtor is required to make payments of $923.51 per month.



EXHIBIT C

3. The following contract information is true and accurate as of September 23, 2009:

Outstanding Balance $29,009.19
Date Last Paid April 23, 2009
Next Payment Due Account charged off, entire balance now due
Monthly Installments $923.51
Arrearages $29,009.19

FURTHER AFFIANT SAYEITH NAUGHT.

_____
Thomas Jemo

Sworn to before me in and subscribed in my presence this __2__ day of October, 2009.

_____, Notary Public
Commission Expires

SANDRA DEANGELIS
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES 8/11/2012

# NADA Official Used Car Guide
## Wednesday, September 23, 2009

## Vehicle Summary NADA Values

| | | | | | |
|---|---|---|---|---|---|
| **Region:** | Eastern - September 2009 | **Reference #:** | | | |
| **Vehicle Description:** | 2006 TOYOTA Highlander-V6 Utility 4D Hybrid Limited 4WD | **VIN:** | JTEEW21A160005784 | | |
| **MSRP:** | $39,290 | **Weight:** | 0 | | |
| **Mileage:** | 52,500 | | | | |

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Base Value** | $17,475 | $18,850 | $19,975 | $18,000 | $23,225 |
| **Optional Equipment** | | | | | |
| **Option Total** | $0 | $0 | $0 | $0 | $0 |
| **Mileage Adjustment** | $0 | $0 | $0 | $0 | $0 |
| **Total NADA Official Used Car Guide Values** | $17,475 | $18,850 | $19,975 | $18,000 | $23,225 |

NADA assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
All NADA values are reprinted with permission of NADA Used Car Guide, NADASC.



EXHIBIT D